**BUECHEL BUS COMPANY et al.,**
**Appellants,**

**v.**

**Ray WHITAKER et al., d/b/a Blue Motor**
**Coach Lines, Appellees.**

Court of Appeals of Kentucky.

March 9, 1956.

John E. Tarrant, Louisville, Louis Cox, Frankfort, Earl S. Wilson, Bullitt, Dawson & Tarrant, Louisville, Hazelrigg & Cox, Frankfort, of counsel, for Bus Co.

J. D. Buckman, Jr., Atty. Gen., George M. Catlett, Asst. Atty. Gen., for Dept. of Motor Transp.

Harry McChesney, Jr., Robert H. Kinker, Robert M. Pearce, Frankfort, for appellees.

WADDILL, Commissioner.

This appeal is from a judgment vacating a final order of the Department of Motor Transportation which specifically deter-

mined certain bus routes in question under Bus Certificate No. 80.

The appellants urge that the judgment should be reversed and that the Department's order should be sustained under the "Grandfather Provisions" of the 1950 Motor Transportation Act, KRS 281.665, even though the original Bus Certificate No. 80, issued in 1933, did not specifically include the routes now in question. Appellees assert that appellants' contention has no substantial basis because the operation of buses over the routes in question by the Appellant Bus Company and its predecessor in interest was not a "bona fide operation" as required by KRS 281.665. Hence, the crucial question before the Department was whether or not the Appellant Bus Company or its predecessor in interest was entitled to a suburban bus certificate covering the route in question under the "Grandfather Provisions" of KRS 281.665.

The facts upon which the Department predicated its findings may be summarized as follows:

(1) In 1933, the Appellant Bus Company or its predecessor in interest was granted Bus Certificate No. 80 which permitted the operation of a bus line in the suburban area of Louisville over a route described in the certificate, "From Newburg, operating between Douglas Boulevard and Bardstown Road to Newburg, a distance of four (4) miles."

(2) The Appellant Bus Company or its predecessor in interest has continuously, and for more than fifteen years prior to June 15, 1950, engaged in operations as a carrier of passengers for hire over specific routes within a suburban area of Louisville, which routes included those covered by Bus Certificate No. 80 and those now in question.

(3) The Appellant Bus Company or its predecessor in interest has operated buses over the routes in question without objection.

(4) The Department renewed annually Bus Certificate No. 80.

Following the hearing, the Department held that the Appellant Bus Company was authorized to operate its buses over the route in question under Bus Certificate No. 80, and entered an order to that effect. On appeal to the Franklin Circuit Court a judgment was entered vacating the Department's order, the court holding that the original Bus Certificate (No. 80) issued in 1933 "granted the use of a route four miles long between Newburg and Bardstown Road at Douglas Boulevard"; that the order of the Department "increasing the mileage of Certificate No. 80 by 250% by the device of clarifying Certificate No. 80 * * *" was in error and beyond the power granted to the Department by the General Assembly.

We review the case under the appropriate statutes. KRS 281.665 provides:

"(1) Any bona fide motor carrier or its successor operating city busses as of December 31, 1949, under a valid certificate, franchise, statute, authorization, or in bona fide operation on said date, shall be entitled to such certificate or certificates and of such type or types as are defined in this chapter that cover their operations as of December 31, 1949.

"(2) Any holder of any other type of valid certificate or permit issued prior to June 15, 1950, shall be entitled, upon renewal, to such certificates or permits, as the case may be, that will grant the holder thereof the same authority that the certificates or permits held on June 15, 1950, granted."

Inasmuch as the proceedings show that the Appellant Bus Company or its predecessor in interest was operating city buses as of December 31, 1949, over the routes in question, we must also consider the application of KRS 281.010(2) as it appeared in our 1948 Statutes, which was in force and effect as of December 31, 1949. That section provided:

"'City bus' means any motor vehicle used for the transportation of persons for hire exclusively within the limits of

a city or within 10 miles of its limits, over a regular route."

When the Department renewed Bus Certificate No. 80 in 1950 and annually thereafter, it is clear under the record that the Appellant Bus Company or its predecessor in interest was regularly servicing an area over a regular route within ten miles of the city limits. Therefore, the Department has considered the extent and characteristics of the transportation services rendered in determining the scope of the territory covered by Certificate No. 80.

Although we respect the finding of the Department, KRS 281.785, that the language appearing in Certificate No. 80 was ambiguous and therefore entitled to clarification, we think the correct solution of the controversy depends upon whether or not the Appellant Bus Company or its predecessor in interest was in *bona fide* operation over the questioned routes so as to authorize such routes to be "grandfathered" under KRS 281.665.

While the test of "bona fide operations" within a specified "territory" includes actual rather than potential or simulated service, we are not concerned here with an issue as to the extent of the operation, but are faced with the contention that the transportation services rendered over the routes in question were conducted in violation of our state law. The expression "in bona fide operation" plainly does not extend to one operating a common carrier on public highways of a state in defiance of its laws. Our Legislature has not, however, conditioned rights under the "Grandfather Provisions" of KRS 281.665 on compliance with our state laws. Their violation is material only insofar as it may be relevant to establishing an absence of "bona fide operation." Infractions of our state law, however, may be innocent or wilful, minor or considerable. The question whether the operation was "bona fide" is a question of fact for the Department to determine. Such operation might well be in good faith though our laws were infracted. Certainly such a course of conduct can be fairly implied in this case. Our task is ended if there is substantial evidence to support the Department's finding of bona fides. There is such evidence here.

We have concluded that the Department of Motor Transportation correctly determined the issue in this case. Therefore, we hold the routes in question can be served by the Appellant Bus Company.

Wherefore the judgment is reversed with directions to set it aside and to enter a judgment upholding the final order entered in this case by the Department of Motor Transportation.